UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

James Frascati, Jr. aka Jim Frascati,

                             Debtor.

-------------------------------------------------------x

Chapter 13

Case No.: 8-23-70064-las

## ORDER GRANTING IN REM RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)

The debtor filed for relief under chapter 13 of the Bankruptcy Code on January 9, 2023. SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust ("Creditor") filed a motion dated February 16, 2023, 2023 ("Motion") seeking an order (i) granting in rem relief with respect to certain real property having an address of 5 Seaton Street, Massapequa, NY 11758 (Section: 0053; Block: 00151-00; Lot 00031) (the "Property") for a period of at least two years pursuant to 11 U.S.C. § 362(d)(4); (ii) alternatively, granting stay relief pursuant to 11 U.S.C §§ 362(d)(1)-(2); (iii) granting pursuant to 11 U.S.C. § 1301(c)(3), termination of the co-debtor stay; and (iv) granting waiver of the 14 day stay invoked pursuant to F.R.B.P. 4001(a)(3). The Court entered an Order dated February 16, 2023 scheduling a hearing on the Motion on shortened notice for February 28, 2023.

The Court entered an order dated February 24, 2023 directing the Clerk's Office to dismiss this bankruptcy case due to the debtor's failure to file schedules and documents required pursuant to § 521(a)(1) but retaining jurisdiction to hear and determine the Motion filed by the Creditor.

The Court held a hearing on the Motion on February 28, 2023 at which Dinh Nguyen, Esq. appeared on behalf of the Creditor. No written opposition to the relief sought under the Motion was filed with the Court. The Court has carefully considered the arguments and submission of the the Creditor, and for the following reasons, the Motion is granted as set forth herein.

Pursuant to § 362(d)(4), the court can grant *in rem* relief from the automatic stay with respect to a secured creditor's interest in real property if the court finds "the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple filings affecting such real property." 11 U.S.C. § 362(d)(4)(B). If recorded in compliance with applicable state laws governing notices of interest or liens in real property, an *in rem* order shall be binding in any subsequent bankruptcy filing purporting to affect the real property for two (2) years from the entry of such order. *Id.* The creditor bears the burden of proof that the multiple bankruptcy filings are part of a "scheme to hinder, delay [or] defraud." *In re Montalvo*, 416, B.R. 381, 386 (Bankr. E.D.N.Y. Oct. 5, 2009). A bankruptcy court can infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone without holding an evidentiary hearing. *In Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014) (internal quotations and citations omitted). "The timing and sequencing of the filings [are] also significant. . . . The uncontroverted record and lack of any good faith prosecution of these cases allow [the] Court to draw a permissible inference and find that the instant petition was part of a scheme of the [d]ebtor to delay, hinder, and defraud." *Montalvo*, at 387 (inferring the existence of a scheme on the part of the debtor to delay, hinder or defraud creditor as set forth under § 362(d)(4) where there were six bankruptcy filings, each of which were filed on the eve of or shortly before significant events affecting the real property).

Here, the Creditor commenced a state court action against the debtor to foreclose on the Property. On October 11, 2017, the state court entered a judgment of foreclosure and sale ("Judgment of Foreclosure and Sale"). Subsequent to the entry of the Judgment of Foreclosure and Sale, the debtor and the co-debtor, Fran Franscati, filed for relief under chapter 7 relief of the Bankruptcy Code on December 18, 2017 under Case No. 17-77777-las ("First Bankruptcy Case").

A foreclosure sale was scheduled for January 9, 2018. The debtor and co-debtor obtained a chapter 7 discharge on October 30, 2018 and the First Bankruptcy case was closed on November 20, 2018.

Creditor then scheduled a foreclosure sale for March 9, 2019. On March 1, 2019, the co-debtor filed for relief under chapter 13 of the Bankruptcy Code under Case No. 19-71525-las ("Second Bankruptcy Case"). The Second Bankruptcy Case was dismissed on July 29, 2019 on the Chapter 13 Trustee's motion due to failure to provide tax returns, affidavit of contribution and payment advices, and to serve the chapter 13 plan. In 2020, a moratorium on foreclosures was imposed by the federal and state governments due to the COVID-19 pandemic.

After the end of the foreclosure moratorium, the Creditor scheduled a foreclosure sale for August 25, 2022. The debtor filed for relief under chapter 13 of the Bankruptcy Code on August 23, 2022 under Case No. 22-72183-las ("Third Bankruptcy Case"). The Third Bankruptcy Case was dismissed on October 11, 2022 pursuant to § 521(i) due to debtor's failure to file the required documents. The Creditor then scheduled another foreclosure sale for January 19, 2023. The debtor again filed for relief under chapter 13 of the Bankruptcy Code on January 9, 2023 under Case No. 23-70064-las ("Fourth Bankruptcy Case"). As discussed above, this Fourth Bankruptcy Case was automatically dismissed on February 24, 2023 pursuant to § 521(i) due to debtor's failure to file the required documents.

Aside from the First Bankruptcy Case, there is an established pattern of the debtor and co-debtor repeatedly filing for bankruptcy and doing nothing to prosecute their bankruptcy cases. Within the past one year period, debtor filed two bankruptcy case which were automatically dismissed due to debtor's failure to file the required documents. After considering the relief requested in the Motion and the bankruptcy filings affecting the Property, the Court finds that the Creditor has satisfied its burden of proof in demonstrating that the filing of the debtor's above-captioned chapter 13 case was part of a scheme to hinder,

delay, or defraud the Creditor as set forth under § 362(d)(4) by preventing the Creditor from exercising its rights to and remedies in the Property. Accordingly, the Court finds *in rem* relief under § 362(d)(4) is warranted as to the Property.

For the reasons set forth on the record at the February 28, 2023 hearing, and after due deliberation, it is hereby

ORDERED, that the Creditor's request for *in rem* relief from the automatic stay against the Property is granted as set forth herein; and it is further

ORDERED, that under 11 U.S.C. § 362(d)(4), and provided that this Order is recorded in conformity therewith, this granting *in rem* relief as to the Creditor's interest in the Property shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two (2) years after the date of this Order, such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to the Creditor's interest in the Property, except that a debtor in a subsequent case under the Bankruptcy Code may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing; and it is further

ORDERED, that the Clerk's Office is to close this dismissed bankruptcy case after the entry of this Order.



Dated: March 1, 2023
Central Islip, New York

_____
**Louis A. Scarcella**
**United States Bankruptcy Judge**